**In re PENN VICTOR DAIRIES, Inc.**

No. 18844.

District Court, E. D. Pennsylvania.

Sept. 19, 1935.

Paul Freeman, of Philadelphia, Pa., for the rule.

David Rosen, of Philadelphia, Pa., for trustees.

## DICKINSON, District Judge.

This rule has been allowed to the New Spartan Building & Loan Association. The association is the landlord of the Penn Victor Company. The term of the lease was for five years, expiring December 1, 1939. Under its provisions the leasehold terminated upon "the appointment of a receiver or insolvency of lessee." This court took over the property August 3, 1935. The rent due August 1, 1935, had been paid. The rent of September 1st was not paid. The lease was terminated for the default; the lessor refusing to accept rent thereafter. The landlord asserts the leasehold came to an end upon the appointment of receivers or trustees upon the petition under section 77B, Bankr. Act, 11 USCA § 207. Formal notice of this was given by the letter of counsel and possession demanded. The present application is for leave to the landlord by an appropriate action or proceeding, ejectment or otherwise, to regain possession of the leased premises. The possession is necessary to the business existence of the debtor. If evicted, its business cannot go on and no readjustment plan can be made operative. Counsel for the landlord has made

empnatic that its status is not that of a creditor but that of an owner. In consequence, if not permitted to assert its right of ownership, the effect would be to take its property from it to bestow upon another. It is strongly urged upon us that the court has no power to do this. The section 77B amendment confers no such power, and, if it did, it would be an unlawful taking of private property. An elaborate and convincing argument, supported by abundant authority, is made that such a deprivation of property rights would be unauthorized. The inference is drawn that the court is without the judicial power to restrain the landlord from resuming the possession of its property. The general principle may be conceded. We have, however, another principle which is applicable. This is that, the property and affairs of the debtor having been committed to the care of the court, it cannot permit any interference with the performance of its duty. Under section 77B, a part of that duty is to supervise and pass upon a plan of reorganization of the debtor so as to enable it to continue its business under its own management. All rights to the assertion of remedies against the debtor are necessarily suspended until one of the final objectives of the section 77B proceeding has been reached. When these proceedings have reached an end, but not until then, all parties are remitted to their legal rights and remedies. The real remedy until then of any one who has a right to assert against the debtor is to speed the conclusion of the section 77B proceeding or to apply to the court for earlier relief. This latter remedy the landlord is here pursuing. It necessarily devolves upon the court to grant or withhold it. When, as here, the rights being asserted are the rights of the landlord, it must not be overlooked that the lessee has likewise its rights. The debtor is in possession as lessee. The landlord asserts that the rights of the lessee have ended. This the lessee denies. The rights of the parties to the lease cannot be satisfactorily determined on what is little more than an ex parte hearing. The application is in its essentials a reclamation proceeding.

The only disposition we can make of the present petition is to deny it without prejudice or allow the present rule to be continued until the fact of default is found.

The trustees of the debtor here asked for leave to pay the landlord the rent or for the use and occupation of the premises. This leave is granted.

An appropriate formal order may be submitted.